Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Edwin García Rivera<br><br>Recurrido<br><br>vs.<br><br>Perfect Integrated Solutions<br><br>Recurrente | TA2025RA00187 | **REVISIÓN ADMINISTRATIVO** procedente del Departamento del Trabajo<br><br>Caso Núm.: AC-23-10<br><br>Sobre: Salario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece Perfect Integrated Solutions (Perfect Integrated o parte recurrente), y nos solicita la revisión de una Resolución emitida el 27 de mayo de 2025[1], por la Oficina de Mediación y Adjudicación (OMA) del Departamento del Trabajo y Recursos Humanos (Departamento del Trabajo o agencia). Mediante el referido dictamen, la agencia impuso una anotación de rebeldía contra la parte recurrente, y, en efecto, declaró Ha Lugar la Querella instada por el señor Edwin García Rivera (Sr. García Rivera o recurrido).

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, revocamos la Resolución impugnada, por los fundamentos que expondremos a continuación.

**I.**

Surge del expediente ante nos, el 17 de julio de 2023, el Sr. García Rivera radicó una Querella contra Perfect Integrated al

---

[1] Notificada el 28 de mayo de 2025.

amparo de la Ley de Vacaciones y Licencia por Enfermedad, Ley Núm. 180-1998, 29 LPRA, sec. 250, ante el Departamento del Trabajo. En esencia, peticionó la compensación de $1,768.00 por el impago de su salario por vacaciones acumuladas no disfrutadas, tras el cese de sus funciones laborales.

Consecuentemente, el 14 de agosto de 2023, Perfect Integrated presentó su Contestación a la Querella. En esta, arguyó que, no adeuda la cantidad reclamada por el Sr. García Rivera por vacaciones acumuladas no disfrutadas.

Luego de una serie de acontecimientos procesales, la agencia celebró una vista sin la comparecencia de la parte recurrente. En vista de ello, el 27 de mayo de 2025, el Departamento del Trabajo, por conducto de la OMA, emitió una Resolución y Orden, notificada al día siguiente. Mediante esta determinación, impuso una anotación de rebeldía contra Perfect Integrated por no comparecer al señalamiento de vista. En efecto, declaró Ha Lugar la Querella del Sr. García Rivera y, en consecuencia, le ordenó a la parte recurrente a emitir $1,768.00 a favor de la parte recurrida en concepto de licencia de vacaciones acumuladas.

Oportunamente, el 17 de junio de 2025, Perfect Integrated presentó una Urgente Moción de Reconsideración y en Solicitud de Levantamiento de Rebeldía y Relevo de Resolución Final. En esencia, argumentó que actuó diligentemente en la atención del litigio administrativo. De igual forma, adujo que la agencia no debió conceder automáticamente el remedio legal solicitado por el mero hecho de que se dictó una anotación de rebeldía en su contra. En vista de lo anterior, razonó que, incidió la agencia al ordenarle que emitiera a su favor un pago en concepto del salario de licencia de vacaciones acumuladas.

Por su parte, el 26 de junio de 2025, el Sr. García Rivera presentó la Oposición Urgente a Reconsideración de Resolución y

Orden, en la cual arguyó que, la parte recurrente no actuó diligentemente. En esa línea, puntualizó que este no presentó de modo oportuno la contestación a la Querella. Agregó que, tampoco compareció a la vista administrativa, ni presentó excusas o solicitud de reseñalamiento. Precisó, también, que la parte recurrente fue debidamente apercibida, previo a la anotación de rebeldía, por lo que, manifestó que, corresponde sostener la determinación impugnada.

Tras evaluar ambas posturas, el 22 de julio de 2025, la OMA emitió una Resolución Interlocutoria y Orden, notificada en igual fecha, en la cual declaró No Ha Lugar la solicitud de reconsideración. En este dictamen, reiteró que Perfect Integrated no compareció al señalamiento de la vista, a pesar de los múltiples apercibimientos, por lo que, procedía anotar la rebeldía.

Inconforme, el 21 de agosto de 2025, Perfect Integrated recurrió ante nos mediante un Escrito de Revisión Judicial, en el cual presentó los siguientes señalamientos de error:

> *Erró la OMA al emitir Resolución Final en rebeldía en contra de la empresa recurrente en abierta violación al debido proceso de ley.*
>
> *Erró la OMA al acoger el expediente sometido por la parte recurrida sin corroborar su contenido ni las alegaciones mediante prueba testifical en contravención con nuestro acervo jurisprudencial vigente.*

Sometido su recurso, el 26 de agosto de 2025, este Tribunal emitió una Resolución, en la cual le otorgamos a la parte recurrida un término a vencer el 15 de septiembre de 2025 para someter su alegato en oposición. No obstante, concedida una solicitud de prórroga a esos efectos, el 24 de septiembre de 2025, el Sr. García Rivera presentó únicamente la Carátula de su escrito de Oposición a Revisión Administrativa, el Índice Legal y el Apéndice con ciertos documentos. En vista de ello, dictamos una Resolución en la cual le concedimos a la parte recurrida hasta el 25 de septiembre de

2025 para someter su alegato en oposición. Transcurrido el término establecido, procedemos a resolver sin el beneficio de su comparecencia.

## II.

## A.

Como es sabido, los tribunales revisores estamos llamados a conceder deferencia a las decisiones de las agencias, pues estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado. *Katirias's Café v. Mun. de San Juan,* 2025 TSPR 33, 215 DPR ___ (2025); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). Por tal motivo, las determinaciones administrativas están revestidas de presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008). Así que, solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Capó Cruz v. Jta. Planificación et al.*, *supra*, a la pág. 591.

En virtud de ello, los tribunales revisores no debemos intervenir en las determinaciones de hechos siempre y cuando surja del expediente administrativo evidencia sustancial que las respalde. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). La evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al.,* *supra*, a la pág. 591; *Rebollo v. Yiyi Motors,* 161 DPR 69, 76-77 (2004). Por ende, si en la solicitud de revisión la parte afectada no demuestra la existencia de otra prueba, entonces las determinaciones de hechos deben ser sostenidas por este tribunal

revisor. *Domínguez v. Caguas Expressway Motors, Inc.,* 148 DPR 387, 398 (1999).

En cambio, respecto a las conclusiones de derecho, tenemos autoridad para revisarlas en todos sus aspectos de acuerdo con la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675. Es decir, estamos facultados para revisarlas completa y absolutamente. *IFCO Recyclint v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 436 (1997). Así, pues no podemos imprimir un sello de corrección a aquellas determinaciones o interpretaciones administrativas irrazonables, ilegales o contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127 (2019).

Ahora bien, tal facultad no implica "la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Jta. Planificación et al., supra,* a la pág. 591; *Rebollo v. Yiyi Motors, supra* a la pág. 77. Nuestra deferencia cede en limitadas circunstancias, a saber, cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o la interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. *Voilí Voilá Corp. et al. v. Mun. Guaynabo, supra* a las págs. 754-755; *Super Asphalt v. AFI y otro, supra*, a la pág. 819.

**B.**

En virtud de sus facultades cuasilegislativas, el Departamento del Trabajo y Recursos Humanos adoptó el Reglamento de Procedimiento de Mediación y Adjudicación de la Oficina de Mediación, Reglamento Núm. 7019, 11 de agosto de

2005 (Reglamento de la OMA o Reglamento Núm. 7019).  Según la Regla 1.3 del Reglamento Núm. 7019, *supra*, el propósito de estos preceptos reglamentarios es asegurar la solución justa, rápida y económicas de las querellas presentadas ante la agencia, y proveer un procedimiento uniforme para la adjudicación administrativa, entre otros extremos.

En lo pertinente al recurso ante nos, la Regla 5.14 del Reglamento de la OMA, *supra,* dispone lo siguiente respecto a la anotación de rebeldía por incomparecencia a la vista:

> *Si una parte debidamente citada no comparece a la conferencia con antelación a vista,  a la vista, o a cualquier otra etapa durante el procedimiento adjudicativo, excepto lo dispuesto en la sesión 5.14 de este Reglamento, el Juez Administrativo o el Oficial Examinador podrá declararla en rebeldía y continuar el procedimiento sin su participación, pero notificará por escrito a dicha parte de su determinación, los fundamentos para la misma y del recurso de reconsideración y revisión dispuestos en la Reglas 6 y 7 de este Reglamento.*

**Ahora bien, la precitada regla no opera en abstracción otros preceptos legales.** Así, pues, el cuerpo reglamentario discutido contempla otro tipo de sanciones menos drásticas, lo cual garantiza la dilucidación de los casos en sus méritos.  Sobre este particular, la Regla 5.19 del Reglamento 7019, *supra*, delimita el siguiente proceso en atención al incumplimiento de órdenes o procedimientos ante la agencia:

> ***a. Cuando una parte incumpliera con alguno de los procedimientos establecidos en este Reglamento o una orden del Juez Administrativo o el Oficial Examinador, éste a iniciativa propia o a instancia de parte podrá ordenarle que muestre causa por la cual no imponérsele una sanción. La orden informará de las reglas, reglamentos u órdenes cuales no haya cumplido, y concederá el término de veinte (20) días, contados a partir de la notificación de la orden para mostrar causa. De no cumplirse con este orden, o de determinarse que no hubo causa que justifique el cumplimiento, se podrá imponer una sanción económica a favor del Departamento o de cualquier parte que no excederá de doscientos dólares por cada infracción separada a la parte o a su abogado, si este último es responsable del incumplimiento.***

***b. Se podrá ordenar la desestimación de la en caso del querellante o eliminar las alegaciones del querellado, si después de haber impuesto sanciones económicas y de haberlas notificados, dicha parte continúa incumpliendo las órdenes de la OMA.*** (Énfasis nuestro).

A su vez, es menester explicar que, la Regla 5.21 del Reglamento de la OMA, *supra*, prescribe la siguiente norma referente a la aplicación de las Reglas de Procedimiento Civil:

*Las Reglas de Procedimiento Civil y de Evidencia no serán de estricta aplicación en las vistas administrativas, sino en la medida en que el Juez Administrativo o el Oficial lo considere necesario para cumplir con los fines de la justicia.* (Citas omitidas).

En consonancia con lo anterior, la Regla 9(b) del texto reglamentario aducido establece que "[e]l juez podrá relevar una parte o a su representante legal de una resolución, orden o procedimiento por las razones y en los términos señalados en la Regla 49.2 de Procedimiento Civil de Puerto Rico de 1979[2], según enmendada". A esos efectos, pasemos a discutir en el próximo acápite las Reglas de Procedimiento Civil aplicables a la controversia ante nos, en virtud de lo establecido en la Regla 5.21 de la Reglas de la OMA.

## C.

Es norma reiterada que, los foros adjudicativos gozan de autoridad para imponer una serie de sanciones contra aquella parte que incumpla una orden. Véanse, *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 818 (2023); *HRS Erase v. CMT*, 205 DPR 689, 699 (2020). Así pues, tienen el poder discrecional bajo las Reglas de Procedimiento Civil de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, tal proceder debe ejercerse juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). Esta facultad procura desalentar la falta de diligencia e incumplimiento mediante una intervención

---

[2] **Actualmente la referida disposición es la Regla 49.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 49.2.**

efectiva, pronta y oportuna. *Mejías et al. v. Carrasquillo et al.,*185 DPR 288, 298 (2012); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 819 (1986).

En virtud de tal autoridad, la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a)[3], instaura el siguiente procedimiento:

> ***(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término***. (Énfasis nuestro).

Previo a la imposición de esta sanción, "[p]rimero, el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder". *Mitsubishi Motor v. Lunor y otros, supra,* a la pág. 820. Es decir, una vez se plantea una situación que amerite la imposición de sanciones, se debe amonestar primeramente al abogado de la parte. *Mejías et al. v. Carrasquillo et al., supra,* a la pág. 297.[4] No obstante, "[s]i la representación legal persiste en su incumplimiento, el tribunal

---

[3] Esta disposición es análoga a la Regla 5.19 del Reglamento 7019, *supra*
[4] El Tribunal Supremo de Puerto Rico emite este pronunciamiento al interpretar la Regla 39.2(a) de Procedimiento Civil de 1979, 32 LPRA Ap. III. No obstante, citamos este caso, pues la Regla 39.2(a) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 39.2 (a), contempla el mismo procedimiento.

deberá notificar directamente a la parte afectada de la situación y apercibirle de las consecuencias de ello". *HRS Erase v. CMT, supra*, a la pág. 702. Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, siempre y cuando la parte haya sido debidamente apercibida de las consecuencias que acarrea el incumplimiento. *Mejías et al. v. Carrasquillo et al.*, supra, a la pág. 297; *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222-223 (2001).

Tal procedimiento responde a "que sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos". *HRS Erase v. CMT, supra*, a la pág. 701. A la luz de este marco legal, un foro adjudicador no podrá imponer sanciones drásticas cuando la parte que ejercita su derecho en corte no está informada de los trámites rutinarios *Dávila v. Hosp. San Miguel, Inc., supra*, a la pág. 814 (1986); *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962). Ello, pues "no toda actitud o posición que asuma el abogado en el curso del trámite debe perjudicar de inmediato al ciudadano que litiga en el sentido de privarle de la adjudicación en los méritos sus derechos". *Ramírez de Arellano v. Srio. de Hacienda, supra.*

### D.

Otro remedio sancionador es la anotación de rebeldía. Este mecanismo procesal procura "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación". *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062, 1069 (2019). Véase, también, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). A esos efectos, la Regla 45.1 de

Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, establece el siguiente procedimiento para anotar rebeldía:

> *Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.*
>
> *El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).*
>
> *Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).*

Una vez se anota la rebeldía quedan admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde, y se autoriza al foro adjudicador a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros, supra,* a la pág. 824*; Rivera Figueroa v. Joe's European Shop, supra,* a la pág. 590. De tal modo, se brinda un remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse. *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005).

No obstante, una parte puede solicitar el levantamiento de la anotación de rebeldía cuando tal imposición obedeció a un error en la implementación de la Regla 45.1 de Procedimiento Civil, *supra. Figueroa v. Joe's European Shop, supra,* a las págs. 592-593. De no aplicar esta alternativa, la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, dispone que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2". Según la jurisprudencia interpretativa, "esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la

anotación o la sentencia en rebeldía". *Figueroa v. Joe's European Shop, supra,* a la pág. 592

Por último, en *Mitsubishi Motor v. Lunor y otros, supra,* a las págs. 819-820 el Tribunal Supremo de Puerto Rico resolvió que la eliminación de las alegaciones y la rebeldía son el castigo más severo para la parte que declina obedecer una orden para descubrir prueba. Por tal razón, la norma vigente preceptúa que previo a imponer una sanción drástica se adoptará el siguiente procedimiento:

> *Primero, el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y notificará directamente a la parte sobre el asunto. Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta días. Si la parte no toma acción correctiva al respecto, "nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas".* **Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponde.** (Énfasis nuestro). Íd. a la pág. 820.

### III.

En el recurso de epígrafe, Perfect Integrated señala que la OMA incidió al emitir un dictamen en rebeldía en su contra, y conceder un remedio legal a favor del Sr. García Rivera. Argumenta que actuó con diligencia en la tramitación del caso, puesto que contestó la Querella y participó del descubrimiento de prueba. Ante tal razonamiento, arguye que la anotación de rebeldía impuesta constituye una violación a su debido proceso de ley. Por consiguiente, solicita que revoquemos la Resolución y Orden dictada en rebeldía.

Examinado con sumo cuidado el recurso presente, determinamos que el Departamento del Trabajo incidió al imponer

la anotación de rebeldía contra Perfect Integrated. Veamos. Surge de la Resolución impugnada que, el foro administrativo apercibió a Perfect Integrated de la consecuencia legal que implicaría su incomparecencia a la vista administrativa. Al amparo de tal apercibimiento, la agencia automáticamente impuso la anotación de rebeldía. No obstante, el derecho vigente puntualiza que, ante el incumplimiento de una orden o procedimiento no procede la anotación de rebeldía de modo automático como alternativa primera.

En atención a tales circunstancias, colegimos que, como paso primero, la agencia debió adoptar el procedimiento establecido en la Regla 5.19 del Reglamento 7019, *supra,* a los efectos de ordenar a la parte recurrente a mostrar causa por la cual no imponerle una sanción. Si lo anterior no rendía efecto positivo, correspondía auscultar los remedios intermedios que brinda nuestro ordenamiento jurídico, tales como sanciones económicas directas al representante legal de dicha parte, siempre y cuando este haya sido debidamente apercibido. **Ahora bien, de lo anterior tampoco resultar, entonces se podía adoptar la máxima sanción de anotación de rebeldía, como última alternativa**. **Sin embargo, tal procedimiento no se acató en este caso.**

En vista de este razonamiento, establecemos que nos compete intervenir en el criterio administrativo adoptado, pues incide en el debido proceso de ley de la parte recurrente, y contraviene con el orden de prelación de remedios aquí discutidos. Por ende, revocamos la Resolución y Orden recurrida, a los fines de que ambas partes puedan ventilar el caso en sus méritos. En consecuencia, dejamos sin efecto la anotación de rebeldía, toda vez que la agencia decretó tal drástica sanción en abstracción del marco legal aplicable.

**IV.**

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, revocamos la Resolución y Orden emitida el 27 de mayo de 2025 por la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos. En consecuencia, dejamos sin efecto la anotación de rebeldía a los fines de que ambas partes tengan la adecuada oportunidad de ventilar el caso en sus méritos.  Se devuelve el caso a la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos, para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones